UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID D. DANIELS, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 5:06-cv-140 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| KENNETH McKEE, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | **ON MOTION TO STAY PROCEEDINGS** |
| | ) | |

This habeas corpus action is before the court on petitioner's motion for a stay of proceedings to allow him to exhaust in the state courts a new claim of ineffective assistance of appellate counsel. For the reasons set forth below, I conclude that the motion to stay should be denied.

    **A.**    **Procedural Background**

Petitioner is serving prison sentences on eleven felony convictions, all arising from his participation in an armed robbery of a drug house with his co-defendant Terrill Boyles. After a jury trial, the Oakland County Circuit Court imposed a mandatory, nonparolable life sentence for first-degree, felony murder, MICH. COMP. LAWS § 750.316(b); sentences of 20-to-30 years' imprisonment, on charges of assault with intent to commit murder, MICH. COMP. LAWS § 750.83, conspiracy to commit armed robbery, MICH. COMP. LAWS § 750.157a, and two counts of armed robbery, MICH. COMP. LAWS § 750.529; a term of 10-to-15 years for felonious assault, MICH. COMP. LAWS § 750.82 (enhanced for petitioner's status as an habitual offender, fourth offense); and

consecutive terms of two years' imprisonment for each of seven convictions of possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. On direct review, the Michigan Court of Appeals vacated petitioner's conviction and sentence on one count of armed robbery and one count of felony-firearm on double jeopardy grounds and ordered a clerical amendment of the judgment, but affirmed his convictions and sentences on the remaining eleven felonies in all other respects.

On October 2, 2006, petitioner filed a *pro se* application for habeas corpus relief in this court. The petition, read with the required liberality, sets forth four grounds for relief: (a) the evidence was insufficient to support the jury's verdict on charges of first-degree, felony murder of Kevin Stephens and assault with intent to murder Kenneth Hayes, for insufficient evidence to show that petitioner aided and abetted his co-defendant's perpetration of these crimes; (b) petitioner's conviction for possession of a firearm during commission of a felony (count 4) must be vacated because it was inconsistent with the jury's not-guilty verdict on the underlying felony; (c) petitioner's conviction for both first-degree, felony murder and the underlying offense of armed robbery violated the Double Jeopardy Clause; (d) the imposition of consecutive sentences violated state law.

On March 31, 2009, I issued a report and recommendation, analyzing each of petitioner's four habeas corpus claims and recommending that they be denied on the merits. In summary, I concluded that the evidence was more than sufficient to convict petitioner on an aiding-and-abetting theory for crimes committed by his co-defendant, that petitioner's challenge to count 4 on the ground of inconsistency of verdicts does not state a claim for federal habeas corpus relief, and that the errors complained of in grounds 3 and 4 of the petition were addressed and remedied by the state Court of Appeals on direct review. (R&R, docket # 28). On June 1, 2009, petitioner

filed objections to the report and recommendation, which are now pending before Chief Judge Paul L. Maloney. Three days later, petitioner filed a motion to hold this matter in abeyance to allow him to exhaust a claim of ineffective assistance of appellate counsel in the state courts. In his motion for stay (docket # 33), petitioner expresses his intention to file a motion for post-conviction relief in the state courts asserting that appellate counsel was ineffective for failing to raise certain issues on direct appeal. Petitioner further asserts that his failure to raise this issue previously should be excused by his appellate counsel's ineffectiveness for failure to assert the claim himself in the state Supreme Court.

    **B.**    **Discussion**

In the controlling case of *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court approved a procedure for holding habeas corpus actions in abeyance to allow petitioners to return to the state courts to present unexhausted claims. In *Rhines*, the Court recognized the district court's discretion to stay a habeas corpus proceeding pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust and if petitioner's unexhausted claims are not "plainly meritless." 544 U.S. at 277-78. For the reasons set forth below, I find that petitioner has shown neither good cause for his failure to exhaust this claim previously nor colorable merit in the unexhausted claim.

    1.

Petitioner attempts to excuse his failure to raise ineffective assistance of counsel by blaming counsel himself. Petitioner's claim is that counsel was ineffective for failing to raise certain issues on petitioner's first appeal of right. To raise this claim in the state courts, petitioner would

have been required to assert it at the next step of appellate review, by application for leave to appeal to the state Supreme Court under Mich. Ct. R. 7.302, or thereafter by motion for post-conviction relief pursuant to Mich. Ct. R. 6.500-.509. It is now well settled that a state prisoner has no constitutional right to counsel in connection with either proceeding. In *Ross v. Moffitt*, 417 U.S. 600 (1974), the Supreme Court declined to extend the right to counsel beyond the first appeal of a criminal conviction. In *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982), the Supreme Court held that because a criminal defendant has no constitutional right to counsel in pursuit of discretionary appeals to the state supreme court, he could not have been denied effective assistance of counsel by counsel's failure to pursue such a discretionary appeal. Likewise, a criminal defendant has no right to counsel in state collateral proceedings brought after the completion of direct appellate review. *See Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991); *Pennsylvania v. Finley*, 41 U.S. 551, 556-57 (1987). Alleged attorney error cannot provide "cause" for a default when the petitioner had no right to counsel at that stage of the state proceedings. *See Coleman*, 501 U.S. at 752; *Ritchie v. Eberhart*, 11 F.3d 587, 591-92 (6th Cir. 1993) ("A petitioner cannot claim constitutionally ineffective assistance of counsel . . . where the proceedings in which counsel was ineffective were not proceedings in which there was a constitutional right to counsel.").

If petitioner believed that his appellate counsel was ineffective for failing to raise certain issues on direct appeal, it was petitioner's duty (not his counsel's) to raise such a claim either on discretionary review with the state Supreme Court or in state post-conviction proceedings. Petitioner failed to do so, but proceeded directly to federal court with a habeas corpus petition. He cannot justify his failure to raise these claims at an earlier date by blaming his appellate counsel. Petitioner has therefore failed to show good cause as required by *Rhines*.

2.

Additionally, the claim of ineffective assistance of appellate counsel lacks arguable merit, because it is clearly time-barred. Any attempt to raise a new claim for relief in this habeas corpus action is subject to the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d). *See Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). Consequently, permission to raise a new habeas claim will be denied where it is filed after the limitations period has expired unless the proposed amendment relates back to the date of the original pleading. *Id.* at 475-76. Rule 15(c) provides that an amendment relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading." FED. R. CIV. P. 15(c)(1)(B). With respect to the amendment of a section 2254 petition, the United States Supreme Court has rejected the argument that the "conduct, transaction, or occurrence" should be defined to include any pretrial, trial, or post-trial error that arises from the conviction under attack in the original petition. *Mayle v. Felix*, 545 U.S. 644, 661 (2005). Relation back is permitted "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." 545 U.S. at 657. After noting that AEDPA provides a one-year statute of limitations for filing habeas petitions, the *Mayle* Court observed, "If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction or sentence as a timely filed claim, AEDPA's limitation period would have slim significance." *Id.* at 662. Thus, "[a]n amended habeas petition, we hold, does not relate back (and

thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650.

Petitioner's new claim of ineffective assistance of appellate counsel is completely unrelated to the claims now in the petition. All of the claims in the petition relate to events that occurred during petitioner's trial in the Oakland County Circuit Court. None of them have to do with the effectiveness of appellate counsel. This claim is foreign to anything previously raised either in the state courts or in this court.

Petitioner's claim of ineffective assistance of appellate counsel is therefore clearly time-barred. The one-year limitations period of AEDPA begins to run on the date on which his criminal judgment became "final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's direct appeal of his criminal conviction concluded on October 19, 2005, when the Michigan Supreme Court denied his application for leave to appeal. Petitioner's ninety-day period within which to petition the United States Supreme Court for *certiorari* expired on January 18, 2006. The one-year statute of limitations clock began running against petitioner on January 19, 2006. *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007); *Lopez v. Wilson*, 426 F.3d 339, 345-46 (6th Cir. 2005) (*en banc*). The clock continued to run despite petitioner's filing of his habeas corpus action on October 2, 2006, because the AEDPA statute of limitations is not tolled by the filing of a federal habeas corpus petition. *Duncan v. Walker*, 533 U.S. 167 (2001). The one-year limitations period therefore expired on January 19, 2007, over two years ago. Petitioner did not seek leave to amend his petition to inject new grounds until June 4, 2009.

Under the clear holding of the Supreme Court in *Mayle*, petitioner's proposed claim is time-barred, unless it relates back to the claims in the original petition. It does not relate back, and so is time-barred. Under *Rhines*, the court should not allow amendment and stay of a habeas corpus proceeding for the purpose of asserting such a clearly meritless claim.

### Recommended Disposition

Petitioner has not shown good cause for his failure to raise a claim of ineffective assistance of appellate counsel before filing his habeas corpus petition, and that claim is clearly meritless in any event, because it is time-barred. I therefore recommend that petitioner's motion for stay of proceedings (docket # 33) be denied.


Dated:  June 8, 2009                  /s/  Joseph G. Scoville
                                      United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).