UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DAVID D. DANIELS #227541**, | Case No. 5:06-cv-140 |
| Petitioner, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Ellen S. Carmody |
| **KENNETH MCKEE**, | |
| Respondent. | |

**OPINION and ORDER**

Overruling the Petitioner's Objections and Adopting the R&R;
Dismissing the Petition for Writ of Habeas Corpus for Lack of Merit;

Entering Judgment in Favor of the Respondent;
Declining to Issue a Certificate of Appealability;
Terminating and Closing the Case

This case arises out of codefendants Terrill Boyles' and David D. Daniels' August 2001 armed robbery of an alleged "drug house" in Pontiac, Michigan. During the robbery, Boyles killed Kevin Stephens, and both defendants assaulted the other people in the house. At trial, the prosecution introduced testimony from the surviving victims: 20-year-old Kenneth Hayes, 22-year-old Jerean Tidwell, and 16-year-old Aimee Kendrick. According to Hayes, petitioner Daniels was not in the bedroom when Boyles shot Stephens in the head at point-black range and attempted to shoot Tidwell and Hayes. Tidwell testified, however, that like Boyles, Daniels had drawn a handgun and pointed it at the occupants of the house, demanded "the stuff" or "the shit" (referring to illegal

drugs), and repeatedly threatened to kill the occupants.

Victim Hayes's girlfriend Kenya Campbell testified that petitioner Daniels called her at 2:00 a.m. that night and asked her to pick him up at Boyles's house. When she arrived at Boyles's house, petitioner Daniels was not there but Boyles was – sweating and looking "crazy" like "something was wrong." Boyle got in the car and they went around the corner and picked up Daniels; when she asked what Boyles and Daniels had done, Daniels waited a couple minutes and responded that her boyfriend (Hayes) had been "whupped down" and that Hayes' friend was hurt as well. Ms. Campbell testified that Boyle threatened to kill her if she said anything, whereupon she became distraught and told the two men to get out of her car, which they did. Petitioner Daniels and codefendant Boyle testified on their own behalf, admitting that they went to the house to buy drugs, but denying that they had brought guns with them or been involved in any murder or robbery.

**A Michigan state jury convicted Daniels of thirteen felonies**, including first-degree felony murder of Stephens on an aiding-and-abetting theory, aiding and abetting assault with intent to murder Tidwell, aiding and abetting assault with intent to murder Hayes, conspiracy to commit armed robbery, armed robbery of Stephens and Hayes, felonious assault of Aimee Kendrick, and possession of a firearm during commission of each of those seven felonies ("felony firearm"). The jury convicted Daniels on all counts except assault with intent to murder Tidwell.

At sentencing, the state trial court classified Daniels as a habitual offender - fourth offense, pursuant to MICH. COMP. LAWS § 769.12. The court imposed a mandatory sentence of life imprisonment without the possibility of parole on the first-degree felony murder conviction. The court also imposed consecutive 20-30-year terms of imprisonment on each of the other substantive felonies, and consecutive two-year sentences on each of the seven felony-firearm convictions.

**Daniels filed a direct appeal as of right to the Michigan Court of Appeals, winning on two assignments of error and losing on two.** The Court of Appeals vacated two convictions (armed robbery and one felony-firearm) on double-jeopardy grounds but affirmed Daniels' convictions and sentences on the other eleven felonies. On Daniels' first appellate claim, the Court of Appeals held that the evidence was sufficient to support his convictions for felony-murder (victim Stephens) and assault with intent to murder Hayes. It rejected Daniels' argument that while he knew Boyles intended to commit armed robbery, there was insufficient evidence to show that he shared with Boyles the malice needed for murder or assault with intent to commit murder. *See People v. David Daniels*, No. 247558, 2004 WL 1621675, *2 (Mich. App. July 20, 2004) (p.c.) (P.J. Zahra, JJ. Talbot & Wilder). On Daniels' second appellate claim, the Court of Appeals held that his conviction for possessing a firearm during assault with intent to murder Tidwell was inconsistent with his acquittal for the underlying assault with intent to murder Tidwell. *See id.* at *2.

On Daniels' third appellate claim, the Michigan Court of Appeals agreed that double jeopardy prohibited convicting him for both felony murder and the predicate felony (armed robbery). Accordingly, the court vacated Daniels' armed-robbery conviction, as well as the corresponding conviction for possession of a firearm during commission thereof. *See Daniels*, 2004 WL 1621675 at *3. On Daniels' fourth appellate claim, the court agreed that except for the felony-firearm convictions, state law required the sentences for the remaining convictions to run concurrently. *Id.*

Daniels sought leave to appeal from the Michigan Supreme Court on all four claims, even the two where the Court of Appeals had ruled in his favor, while the State sought leave to appeal on the double jeopardy issue alone. The Court denied both applications. *See People v. Daniels*, No. 126940, COA No. 247558, 704 N.W.2d 703 (Mich. Oct. 19, 2005). Daniels never filed any post-

conviction motions in state court.

**Instead, in October 2006, Daniels filed the instant *pro se* motion to vacate, modify or correct sentence pursuant to 28 U.S.C. § 2254, asserting four grounds for habeas relief: (1)** the evidence was insufficient to support a finding of guilt beyond a reasonable doubt on the felony murder of 22-year-old Stephens and the assault with intent to murder 20-year-old Kenneth Hayes, because it was insufficient to show that he aided and abetted codefendant Boyles's commission of those crimes; (2) the conviction for possession of a firearm during a felony is inconsistent with the jury's not-guilty verdict on the underlying felony; (3) the conviction for felony murder and the underlying felony (armed robbery) violated the prohibition against double jeopardy; and (4) consecutive sentences violate the law in this situation.

Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this matter was automatically referred to the Honorable Joseph G. Scoville, United States Magistrate Judge, who issued a Report and Recommendation ("R&R") on March 31, 2009. Petitioner Daniels filed objections on June 1, 2009 which the court treated as timely, and on July 1, 2009 respondent McKee filed a response to the objections. The court also finds that plaintiff's objections, while meritless, are sufficiently specific to trigger *de novo* review of the portions of the R&R to which he has objected.[1]

The Magistrate Judge recommends dismissing ground one for lack of merit, i.e, the evidence was sufficient to support the felony murder and assault-with-intent-to-murder convictions. He also recommends dismissing ground two for lack of merit because Daniels's inconsistent-verdicts

---

[1] "'Only those objections that are specific are entitled to a *de novo* review under the statute.'" *Westbrook v. O'Brien*, 2007 WL 3462337, *1 (W.D. Mich. Nov. 15, 2007) (citing *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (no *de novo* review where the objections are frivolous, conclusory or too general because the burden is on the parties to "pinpoint those portions of the Magistrate's report that the district court must specifically consider")).

4

argument does not state a ground for federal habeas relief under U.S. Supreme Court precedent. Finally, the Magistrate recommends dismissing grounds three and four because they were already remedied by the Michigan Court of Appeals on Daniels's partially successful direct appeal (double jeopardy prohibited convicting him for both felony murder and the predicate felony (armed robbery), and state law required *concurrent* sentences for the substantive convictions).

**The court finds the R&R to be well-reasoned and is unconvinced by petitioner Daniels's objections.** For the reasons explained by the R&R, the evidence of record was sufficient for the jury to find beyond a reasonable doubt that Daniels committed felony murder, and that he aided and abetted Boyle's assault with intent to murder Hayes. The Magistrate Judge applied the correct legal standard, asking "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," and the court may not assess credibility, weigh the evidence, or gainsay the jury's resolution of reasonable conflicts in testimony or their drawing of reasonable inferences from basic facts to ultimate facts. *See Smith v. Konteh*, 2009 WL 799095, *27 (W.D. Mich. Mar. 23, 2009) (Maloney, C.J.) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) and citing *Herrera v. Collins*, 506 U.S. 390, 401-02 (1993)), *recon. denied*, 2009 WL 1811634 (W.D. Mich. Apr. 27, 2009).

Daniels' first-degree murder conviction was for felony murder under MICH. COMP. LAWS § 750.316(b), which, unlike first-degree murder under MICH. COMP. LAWS § 750.316(b), does not require proof that he intended to cause the death of the victim. In other words, felony murder in Michigan is a general-intent crime. *See* R&R at 16-17; *see also People v. Griffin*, 2007 WL 1345864, *1 (Mich. App. May 8, 2007) (p.c.) (P.J. Smolenski, JJ. Wilder & Zahra) (citing *People v. Herndon*, 633 N.W.2d 376, 389-90 (Mich. App. 2001), *app. denied*, 642 N.W.2d 678 (Mich.

2002)), *app. denied*, 737 N.W.2d 720 (Mich. 2007). Where a person is killed during the defendant's commission of a felony, the prosecution need only prove that he acted with "malice", which is defined to include intent to kill, intent to inflict great bodily harm, and commission of an act in wanton and willful disregard of the likelihood that the natural consequences of the act will be death or great bodily harm. *See* R&R at 17; *see also People v. Walker*, 2001 WL 716957, *1 (Mich. App. Mar. 9, 2001) (p.c.) (P.J. Kelly, JJ. White & Wilder) ("[T]he prosecution presented sufficient evidence to support its theory of malice, namely, that defendant acted in wanton and willful disregard of the likelihood that the natural consequence of his behavior was to cause death or great bodily harm.") (citing *People v. Goecke*, 579 N.W.2d 868 (Mich. 1998) and *People v. Mayhew*, 600 N.W.2d 370, 379 (Mich. App. 1999), *app. denied*, 607 N.W.2d 728 (Mich. 2000)).

As the Magistrate noted, R&R at 17, to convict Daniels of felony murder on an aiding and abetting theory, the prosecution had to show beyond a reasonable doubt that another person (Boyles) committed a felony, Daniels helped him commit that felony, and Daniels either intended to commit the felony or knew when he lent assistance that the other person intended to commit the felony, *see also People v. Austin*, 2009 WL 1767586, *1 (Mich. App. June 23, 2009) (p.c.) (P.J. Markey, JJ. Fitzgerald & Gleicher) (citing *People v. Robinson*, 715 N.W.2d 44, 47-48 (Mich. 2006) (citations & footnote omitted)), and "[a]iding and abetting is broadly construed so as to include all forms of assistance rendered to the perpetrator of a crime," *People v. Roden*, 1996 WL 33348849, *1 (Mich. App. Nov. 12, 1996) (p.c.) (P.J. MacKenzie, J. Jansen, Cir. J. T.R. Thomas) (citing *People v. Turner*, 540 N.W.2d 728, 733 (Mich. App. 1995), *overruled in part o.g. by People v. Mass*, 628 N.W.2d 540, 548 (Mich. 2001)), *app. denied*, 568 N.W.2d 679 (Mich. 1997).

As Magistrate Judge Scoville noted, R&R at 17, under the aiding and abetting theory, the

prosecution had to prove either that Daniels himself held the requisite intent for the crime aided, or that he had knowledge, when rendering the aid, that Boyles had that intent and Daniels went ahead and aided him anyway. *See also People v. King*, 534 N.W.2d 534, 538 (Mich. App. 1995)). The factfinder may infer this state of mind from circumstantial evidence; e.g., "[s]uch intent can be inferred from the aider and abettor's knowledge that his cohort possesses a weapon." *Hill v. Hofbauer*, 337 F.3d 706, 720 (6th Cir. 2003) (citing *People v. Feldmann*, 449 N.W.2d 692, 697 (Mich. App. 1989) and *Turner*, 540 N.W.2d at 733). Daniels challenges only the element of his own *mens rea*, and he does nothing to persuasively counter the conclusion that the Michigan Court of Appeals got it right when it found that a reasonable jury could find him guilty beyond a reasonable doubt of aiding-and-abetting felony murder. Among other evidence, an eyewitness testified that Daniels and Boyles arrived at Stephens' house together, pulled guns, and repeatedly demanded "the stuff" and threatened to kill the occupants if they did not get what they wanted; a jury certainly could find that Daniels knew Boyles intended to kill Stephens *et al.* if "necessary", from these items and from testimony that Boyles ordered Daniels to "kill everyone" in the house. Daniels rendered aid to Boyles by shooting Stephens in the leg, ransacking Stephens' bedroom and taking goods found there, and by helping to gather, confine, intimidate, and effectively guard the occupants of the house. *See* R&R at 18-19 (quoting and discussing *Daniels*, 2004 WL 1621675 at *2). For the reasons explained by the Magistrate, *see* R&R at 19-20, the Michigan Court of Appeals did not unreasonably apply the *Jackson v. Virginia* standard and its great deference to the verdict of the factfinder with regard to the felony-murder conviction.

Likewise, Daniels' objections do not undermine the Magistrate's conclusion that the Michigan Court of Appeals did not unreasonably apply U.S. Supreme Court precedent (or reach a

7

result contrary to that precedent) by holding that the evidence at trial was sufficient to convict Daniels for aiding and abetting Boyles' assault with intent to murder Hayes. As the Michigan Court of Appeals noted, right after Boyle fatally shot Stephens in the head and tried to shoot Tidwell, Boyles pointed the fun at Hayes and fired; Hayes survived only because Boyles' gun misfired. There was ample evidence that Daniels was aware of Boyles' intent and willingness to commit murder; namely, Daniels kept participating in the armed robbery after Boyles threatened to kill everyone, he himself threatened to kill them and brandished a gun and shot Stephens in the leg, all permitting the finding that Daniels knew about and actively aided Boyles' efforts to use deadly force against any and all occupants of Stephens' house who did not "cooperate."

Daniels points to arguably-inconsistent testimony, impugns the credibility of the witnesses, and essentially explains why the jury *should* have acquitted him of aiding and abetting Boyles' assault with intent to murder Hayes. For example, Daniels complains that Tidwell lied when he testified that Daniels was still in the room when Boyles fired the shot that killed Stephens, which contradicted Kenneth Hayes and Aimee Kendrick's testimony that Daniels stepped out of the room just before the fatal shot.[2] But none of that shows that the evidence *compelled* the jury to acquit him, such that the Michigan courts would have unreasonably applied *Jackson v. Virginia* if they affirmed this conviction, and that was Daniels' burden on federal habeas review in the age of AEDPA.

As to Daniels' second habeas claim, he cannot gainsay the U.S. Supreme Court's holding that inconsistent verdicts are not grounds for federal habeas relief. *See* R&R at 24 (citing *US v. Powell*, 469 U.S. 57, 58 (1984) and *Harris v. Rivera*, 454 U.S. 339, 345 (1981)); *see also Freeman*

---

[2] Daniels makes no attempt to show that he exhausted his state-court remedies with regard to his related new claim that the prosecution used Tidwell's testimony even though they knew it was false, nor that this court should consider such a claim despite the lack of AEDPA exhaustion.

8

*v. Lebanon Corr. Inst. Superintendent*, No. 98-3784, 194 F.3d 1312, 1999 WL 801573, *2 (6th Cir. Sept. 28, 1999) (p.c.) (Boggs, Daughtrey, W.D. Tenn. D.J. Donald) ("[M]ere inconsistency in a jury's verdict does not warrant habeas corpus relief in any event.") (citing *Maples v. Coyle*, 171 F.3d 408, 419-20 (6th Cir. 1999)). Thus, the Michigan courts could not have unreasonably applied or reached a result contrary to federal law, as that term is defined for AEDPA purposes, by "failing" to vacate the allegedly inconsistent convictions.

As to Daniels' third habeas claim, he cannot contest the Magistrate's observation that he already successfully raised the double-jeopardy issue on direct appeal to the Michigan Court of Appeals and that court vacated two of his convictions as a result (an armed-robbery count and the corresponding conviction for felony-firearm). *See* R&R at 25. Whatever other alleged constitutional infirmity Daniels may suggest tainted those convictions, the state courts have already provided the fullest relief possible by vacating them. *See Eckman v. Byington*, 290 F.2d 1, 3 (9th Cir. 1961) ("But it appears that the error complained of has already been remedied; attached to petitioner's complaint is a copy of an 'Amended Judgment and Commitment' made and entered by the Superior Court of Alaska . . . . The petition is denied."); *Mattison v. Fizer*, 2007 WL 4219153, *7 (D. Ariz. Nov. 28, 2007) ("[T]he Magistrate Judge concluded that Petitioner had failed to state a claim upon which relief could be granted in raising Ground 4C since the error that formed the basis for this claim had already been corrected by the trial court. * * * This court agrees . . . ."); *Bordenave v. Cain*, 1999 WL 236617, *5 (E.D. La. Apr. 20, 1999) ("Petitioner's second claim is that he was denied a fair trial . . . . Petitioner's argument has already been addressed by the Louisiana Fourth Circuit . . . [which] agreed with his argument. * * * The Court sees no reason to address this argument, since Petitioner's claims have already been considered and corrected by the state court.").

9

As to Daniels' fourth habeas claim, his objections do nothing to undermine the Magistrate's observation that he already successfully raised the consecutive-sentence issue on direct appeal to the Michigan Court of Appeals and that court modified the judgment to run certain sentences concurrently rather than consecutively. *See* R&R at 25-26.

Moreover, errors of state law are almost never[3] cognizable on federal habeas review anyway. "'[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'" *Condon v. Wolfe*, 310 F. App'x 807, 824-25 (6th Cir. 2009) (Moore, Griffin, 8th Cir. J. Myron Bright) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)); *see also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("federal habeas corpus relief does not lie for errors of state law"). *See,*

---

[3]

*See, e.g., Lancaster v. Trombley*, 2009 WL 2033050, *10 (W.D. Mich. July 9, 2009) (Maloney, C.J.) ("Generally, errors by a state court on matters involving the admission or exclusion of evidence are not cognizable in a federal habeas proceeding. However, if 'an evidentiary ruling is so egregious that it results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief.'") (quoting *Clemmons v. Sowders*, 34 F.3d 352, 358 (6th Cir. 1994) and citing *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003) (habeas courts define "very narrowly" that class of evidentiary errors deemed to violate fundamental fairness for federal due-process purposes));

*Ledesma v. Howe*, 2008 WL 4239019, *9 (W.D. Mich. Sept. 10, 2008) (Robert Holmes Bell, J.) ("Petitioner . . . charges . . . ineffective assistance, arising from counsel's failure to object to the assessment of ten points under Offense Variable 9. * * * The state Court of Appeals rejected that claim on its merits. The court is therefore bound . . . to conclude that the assessment of ten points under OV 9 was not clear error.");

*Anderson v. Bell*, 2007 WL 3036530, *1 (W.D. Mich. Oct. 16, 2007) (Miles, J.) ("To the extent that Petitioner is challenging the scoring of his [OV]s under state law, he is not entitled to federal habeas relief. '[A] state court's interpretation of state law . . . binds a federal court sitting on habeas review.'") (quoting *Bradshaw*, 546 U.S. at 76, & citing, *inter alia*, *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000)), *recon. denied*, 2007 WL 4327553 (W.D. Mich. Dec. 10, 2007);

*McElhaney v. McKee*, 2007 WL 851644, *5 (W.D. Mich. Mar. 16, 2007) (Quist, J.) ("The state court's denial of petitioner's request for DNA testing under MICH. COMP. LAWS § 770.16 is not a basis for federal habeas relief. First . . . "[a] state court's interpretation of state law . . . binds a federal court sitting in habeas corpus.'") (quoting *Bradshaw*, 546 U.S. at 76).

10

*e.g., McMurtry v. Berghuis*, 2009 WL 929012, *5 n.2 (W.D. Mich. Apr. 3, 2009) (Maloney, C.J.) ("Alleged violations of state law do not provide a basis for federal habeas corpus relief. [A]ll petitioner's arguments claiming violations of his rights under Michigan's constitution have been disregarded.") (internal citations omitted).

With regard to sentencing specifically, a sentence may violate due process, for example, if it is based on material "misinformation of constitutional magnitude.", *Koras v. Robinson*, 123 F. App'x 207, 213 (6th Cir. 2005) (quoting *Roberts v. US*, 445 U.S. 552, 556 (1980)), or if the sentence is "so disproportionate to the crime as to be completely arbitrary and shocking", *Doyle v. Scutt*, 347 F. Supp.2d 474, 485 (E.D. Mich. 2004) (citing *Holmes v. Israel*, 618 F.2d 111 (7th Cir. 1980)). But Daniels had not shown that his sentences were based on misinformation of constitutional magnitude. *Cf. Beeman v. Berghuis*, 2008 WL 4820500, *6 (W.D. Mich. Oct. 30, 2008) (Maloney, C.J.) ("Petitioner clearly fails to raise a meritorious due process claim arising from the trial court's calculation of the [Michigan] sentencing guidelines. The trial court did not rely on any false information. Rather, Petitioner disagrees with the trial court's legal decision . . . ."). Nor has Daniels shown that any single sentence, or the aggregate sentence for all his convictions, were arbitrarily and shockingly disproportionate to his crimes. *Cf. generally Grant v. Berghuis*, 2009 WL 981388, *13 (W.D. Mich. Apr. 13, 2009) ("The Supreme Court has never struck down a non-capital, parolable state sentence of a term of years under the Eighth Amendment. 'The gross disproportionality principle reserves a constitutional violation for only the extraordinary case.'") (quoting *Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) (O'Connor, J., joined by C.J. Rehnquist & JJ. Scalia, Kennedy, and Thomas) (upholding parolable life sentence imposed on habitual offender for a series of property crimes, and consecutive terms of 25-years-to-life under California's three-strikes

law for two "minor property offenses" (shoplifting))).

Thus, this is not the very rare case where a state-law error in sentencing could be cognizable on federal habeas review.[4] On the contrary, our Circuit has held that challenges to the consecutive nature of sentences meted out under state law are not cognizable on federal habeas review. *See Harrison v. Parke*, No. 89-6495, 917 F.3d 1304, 1990 WL 170428, *2 (6th Cir. Nov. 6, 1990) (p.c.) (Kennedy, Krupansky, S.D. Ohio D.J. Spiegel) ("Because it is a matter of substantive state law whether Harrison's sentences should run concurrently or consecutively, we find that the district court did not err in ruling that Harrison's challenge to his consecutive sentences was not cognizable in a federal habeas corpus proceeding.") (citing *Wainwright v. Sykes*, 433 U.S. 72, 81 (1977)). District courts in our circuit have consistently reached this conclusion as well. *See, e.g., McClure v. Warden*, 2009 WL 536105, *1 (S.D. Ohio Mar. 3, 2009) (noting with approval, "the Magistrate Judge found that to the extent petitioner contends . . . the trial court committed errors under Ohio law in imposing consecutive prison terms, his claims for relief are not cognizable . . . .") (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)); *Stalnaker v. Bobby*, 589 F. Supp.2d 905, 919 (N.D. Ohio 2008) (Dan Polster, J.) ("[A]s to Stalnaker's consecutive sentence argument, the Court agrees . . . that the claim is not cognizable on habeas review.") (citing *Cvijetinovic v. Eberlin*, 617 F. Supp. 620, 640 (N.D. Ohio Mar. 31, 2008) (Kathleen O'Malley, J.)); *Halbert v. Palmer*, 2007 WL 2302361, *3 (W.D. Mich. Aug. 7, 2007) (Gordon Quist, J.) ("Because it is a matter of substantive state law

---

[4] *Cf., e.g., James v. Lafler*, 2009 WL 1362969, *7-8 (W.D. Mich. May 11, 2009) (alleged misapplication of Michigan sentencing guidelines was not cognizable on federal habeas review; "federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature") (citing, *inter alia*, *Hutto v. Davis*, 454 U.S. 370373-74 (1982) and *Cheatham v. Hosey*, No. 93-1319, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov. 19, 1993) (p.c.) (Kennedy, Milburn, Guy)).

whether Petitioner's sentences should run concurrently or consecutively, Petitioner's claim is not cognizable in a federal habeas corpus proceeding.") (citing, *inter alia*, *Jones v. Smith*, No. 94-5259, 46 F.3d 1131, 1995 WL 45631, *1 (6th Cir. Feb. 3, 1995) (p.c.) (Keith, Nelson, W.D. Tenn. D.J. Odell Horton) (petitioner's "contention that his consecutive life sentences are unauthorized under state law does not warrant habeas relief")).[5]

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), "'the court should grant a COA for an issue raised in a § 2254 [or § 2255] petition only if the petitioner has made a substantial showing of the denial of a federal constitutional right.'" *Wardlaw v. Howes*, 575 F. Supp.2d 820, 821 (W.D. Mich. 2008) (Maloney, C.J.) (quoting *Harbison v. Bell*, 503 F.3d 566, 568 (6th Cir. 2007), *cert. denied*, – U.S. –, 128 S.Ct. 1479 (2009), *rev'd o.g.*, – U.S. –, 129 S.Ct. 1481 (2008)).

To satisfy this standard, "the petitioner must demonstrate that reasonable jurists could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues raised are 'adequate to deserve further review.'" *Wardlaw*, 575 F. Supp.2d at 821(quoting *Harbison*, 503 F.3d at 569 (citing *Banks v. Dretke*, 540 U.S. 668, 705 (2004)). The district court must either issue a COA indicating which issues satisfy this standard, or provide reasons why such a certificate should not issue. *Fields v. Quigley*, 2008 WL 4562211, *7 (W.D. Mich. Oct. 8, 2008) (Maloney, C.J.) (citing FED. R. APP. 22(b) and 28 U.S.C. § 2253(c)(3)).

---

[5]

*Accord Rosier v. Giurbuno*, 245 F. App'x 687, 688 (9th Cir. 2007) ("To the extent that Rosier challenges the state court's decision to apply consecutive sentences, such a claim is not cognizable on federal habeas corpus [review].") (citations omitted) and *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (citing *Ramirez v. AZ*, 437 F.2d 119, 120 (9th Cir. 1971)).

The U.S. Supreme Court disapproves of blanket denials of certificates of appealability. *Colwell v. McKee*, 2009 WL 125223, *3 (W.D. Mich. Jan. 16, 2009) (Maloney, C.J.) (citing *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001)). Rather, this court must "engage in a reasoned assessment of each claim' to determine whether a certificate is warranted." *Murphy*, 263 F.3d at 467.

The petitioner need not show, however, that he is likely to succeed on appeal. *See Wardlaw*, 575 F. Supp.2d at 821 (citing *Miller-El*, 537 U.S. at 337); *Workman v. Bell*, 484 F.3d 837, 842 n.3 (6th Cir. 2007) (distinguishing standard for stay pending appeal, which focuses on appellant's likelihood of success on the merits, from the COA standard, which requires a lesser showing), *reh'g & reh'g en banc denied* (6th Cir. May 7, 2007). "'[I]t is consistent with § 2253 that a certificate of appealability will issue in some instances where there is no certainty of ultimate relief.'" *Wardlaw*, 575 F. Supp.2d at 821 (quoting *Walker v. Carlton*, 114 F. App'x 687, 690 (6th Cir. 2004) (quoting *Miller-El*, 537 U.S. at 337)).

Petitioner Daniels does not meet the standard for a COA on habeas claim one, because other reasonable jurists would not disagree with the determination that the Michigan courts did not commit AEDPA error by determining that the evidence was sufficient to support Daniels' convictions for felony-murder and assault with intent to murder Hayes, both on an aiding-and-abetting theory. Daniels does not meet the COA standard on habeas claim two, either, because reasonable jurists could not disagree with the determination that federal due process permitted his conviction for possessing a firearm during commission of a felony for which he was acquitted.

Daniels does not meet the COA standard for habeas claim three because the Michigan Court of Appeals already corrected the double-jeopardy error complained of therein by vacating two of his convictions (an armed-robbery conviction, and the corresponding conviction for possession of

14

a firearm during commission of that felony). Finally, Daniels does not meet the COA standard for habeas claim four, because reasonable jurists could not disagree that a challenge to the propriety of consecutive sentences under state law is not cognizable on federal habeas review, and that the state courts already modified Daniels' sentences in response to this assignment of error on direct appeal. Nor has Daniels presented any other issues which are "adequate to deserve further review."

**ORDER**

Accordingly, having reviewed the habeas corpus petition, the R&R, the petitioner's objections to the R&R, and the respondent's response to those objections:

Petitioner's objections [document # 32] are **OVERRULED**.

The R&R [document # 28] is **ADOPTED**.

The amended petition for a writ of habeas corpus [document # 7] is **DISMISSED**.

This case is **TERMINATED** and **CLOSED**.

This is a final order**, but the court declines to issue a certificate of appealability**.

**IT IS SO ORDERED this 29th day of July 2009.**

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge